Missouri & North Arkansas Railroad Company *v.* Bates.

Opinion delivered February 3, 1913.

Master and servant—joint contract of employment.—Appellant **and** the Iron Mountain railway company employed a joint agent at Kensett, the Iron Mountain railway paying him his wages, and appellant

accounting to it for one-half same. The agent became sick, and the Iron Mountain railway wired appellee to take his place as agent; appellee had knowledge of the arrangement between the two roads; the appellant, for convenience, checked in appellee as agent, but the Iron Mountain railway did not; the Iron Mountain railway, however, tendered appellee the full amount due the joint agent; appellee refused to accept same, but sued appellant for the full amount due the agent and penalty for failure to pay same promptly. *Held*, under the contract between the two roads, of which appellee had knowledge, he became joint agent when notified by the Iron Mountain railway, and accepted the position; and being tendered the full amount due him as agent under the joint agency contract, he has no claim for wages which he could enforce against the appellant; and that his being checked in as agent by the appellant was for convenience only and did not render the appellant liable for wages.

Appeal from White Circuit Court; *H. N. Hutton,* Judge; reversed and dismissed.

*W. B. Smith, J. Merrick Moore* and *H. M. Trieber,* for appellant.

*J. N. Rachels* and *John E. Miller,* for appellee.

HART, J. Appellant prosecutes this appeal to reverse a judgment rendered against it in favor of appellee for wages alleged to be due him, and for the penalty for failing to pay the same within the time required by statute. The facts are substantially as follows:

Appellant railway company and the St. Louis, Iron Mountain & Southern Railway Company's road intersect each other at Kensett, Arkansas. Both roads use the same station and the same employees there under a joint agency contract between them. Under this contract, the Iron Mountain Railway Company hires the station agent and other employees there, and pays them their wages. One-half of this amount is then paid to the Iron Mountain Railway Company by appellant. This fact was known to appellee. Prior to February 1, 1911, Marsh was the station agent at Kensett and appellee was clerk. Marsh was stricken with smallpox and so notified the official of the Iron Mountain Railway Company who had employed him. This official then telegraphed him to turn the station over to appellee. Marsh exhibited the tele-

gram to appellee who at once took charge. Appellant was notified by the Iron Mountain Railway Company that appellee had been instructed to take charge of the station at Kensett. The practice under the joint agency contract was for appellant, upon being notified by the Iron Mountain Railway Company of a change in agents, to send its traveling accountant to transfer the station accounts from the old to the new agent and to take a bond from the new agent. The Iron Mountain would send its traveling accountant to make a similar transfer on its account, and, thus, each railroad would check in the new agent independently of the action of the other. This checking in was for the sole purpose of fixing the date of liability of the new agent in his accounts. The joint agency contract provided that in respect to the business done for each company the joint agent was to be considered as if employed solely by each company.

After appellee had been appointed joint station agent by the officials of the Iron Mountain Railway Company and appellant company had been notified of that fact, it sent its traveling auditor to check in appellee. Appellee stated to him that in his opinion Marsh, the former agent, was still agent for the Iron Mountain, and that the joint agency contract between the Iron Mountain Railway Company and appellant would be abrogated by checking him in and he would expect remuneration from appellant. The traveling auditor of appellant replied that he had been sent to make the transfer, and had no choice but to do so. Appellee was then checked in and worked as station agent for sixteen days when he was relieved. The Iron Mountain Railway Company's traveling auditor did not go to Kensett and check in appellee on account of the small pox being there. During the time that appellee was in charge of the station, Marsh was also carried on the pay roll of the Iron Mountain Railway Company, and the evidence shows that he turned his wages over to another person to act as telegraph operator because appellee was unable to perform that service. The Iron Mountain Railway Company tendered

to appellee the amount of wages that would be due him as station agent under the joint agency contract for the time that he was in charge of the station. Appellee refused to accept the tender made him and only accepted the amount that would be due him as clerk under the contract he had before he was employed as station agent. He then made a demand upon the auditor of the appellant company for the amount that would be due him as station agent.

Under this state of facts we do not think appellee was entitled to recover. It is true he stated to the traveling accountant of appellant who came to check him in as station agent at Kensett that in his opinion, Marsh was still agent for the Iron Mountain Railway Company and that the joint agency contract between the Iron Mountain Railway Company and appellant would be abrogated by checking him in, and that he would expect remuneration from appellant, but this statement of his was a mere conclusion of law, and not the statement of a fact. He was acting as clerk under the joint agency contract between the Iron Mountain Railway Company and appellant, and knew the terms thereof. When Marsh became sick and the proper official of the Iron Mountain Railway Company telegraphed Marsh to turn the station over to appellee and appellee took charge, he became agent for both companies. This is so because he knew of the joint agency contract and took charge of the station by direction of the official of the Iron Mountain Railway Company who had authority to employ a joint station agent at Kensett. His employment as such joint agent became effective when he took charge of the station by direction of the official of the Iron Mountain Railway Company who had authority to employ him. The checking in of him as agent was for the purpose of fixing his liability as to the accounts, and was not necessary to be done to constitute him as joint agent. The fact that the Iron Mountain Railway Company failed to check him in did not have the effect of abrogating the contract between it and appellant. As above stated, this was done for the

purpose of keeping the accounts between out-going and in-going agents straight, and was not a condition precedent to him becoming joint agent. Under the terms of the contract between the Iron Mountain Railway Company and appellant, of which he had notice, he become joint agent when he was authorized to take charge of the station by the Iron Mountain Railway Company and accepted it. The evidence shows that he was tendered the full amount of wages that would be due him under the joint agency contract by the Iron Mountain Railway Company.

Therefore, he has no claim for wages against appellant, and under the undisputed evidence he is not entitled to recover in this action. The case has been fully developed and no useful purpose can be served by remanding the case for a new trial. It follows that the judgment must be reversed and the cause of action dismissed. It is so ordered.